Mr. Justice Johnson
delivered the opinion of the court :
The two first counts in this indictment, so far as they refine to stealing the bank bills, are founded on the act of 1737, (Pub. Laws, 147, 2 Brevard, 196,) which provides, s‘ that if any person or persons, after the 25th day of March, 1737, shall steal or take by robbery, any bond, warrant, bill or promissory note for the payment or securing the payment of money, being the property of any other person or persons, or of any corporation, notwithstanding any of the said particulars, are termed dioses in action, it shall be deemed and construed to be felony of the same nature and same degree, and with or without the benefit of clergy, in the same manner as it would have been if the offender bad stolen or taken by robbery any other goods of like value, with the money due on such bill, bond, warrant or note, or secured thereby, and remaining unsatisfied, and such offender shall suffer such punishment as be or she should or might have done, if he or she had stolen other goods of the like value with the monies due on such bond, warrant, bill or note respectively secured thereby, and remaining unsatisfied,'&c.”
The ground of the motion in arrest of judgment, assumes the position that an indictment framed on this act must state a sum certain duo on the notes and unsatisfied át the time the theft was committed, and as this contains no such allegation, it is defective, and upon it no judgment can be rendered.
In framing an indictment on a statute, all the circumstances which constitute the definition of the offence in the statute itself, so as to bring the accused precisely within it, must be stated ; and so inflexible is the adherence to this rule, that not even the fullest description of the offence, were it even in the terms of a legal definition, would be sufficient without keeping close to the expression of tho statute, (1 Chitty On Grim,. Law, 281. 2 Foster, 424. J *529 T'Jic imceenity of a strict conformity to this rule must be apparent to every one conversant with legal proceedings ; and so rigidly is if adhered to in the English courts, ¿hat on the one hand, no other description of the thing in which the oficnce was committed is necessary to be stated in an indictment founded on a statute, but that contained in the statute itself, unless the value become necessary to fix the grade of the offence, (2 Leach, 1103.y And on the other hand, the most ample description will not supply the omission of the terms used in the statute, (2 East, P. C. 601. In the application of it to the present case, it will only be necessary therefore to examine the charge and inquire whether it contains all that the act, on which it is founded, renders necessary to the consummation of the offence. To take a single instance, (and the charges are all the same with respect to the bank bills,) the prisoner is charged with stealing 41 one promissory note, called a bank note, for the payment of-one dollar, and of the value of one dollar.” This description, so far as it goes, may be well ; but when the .court is called on to pronounce the sentence imposed by the act, it will be found that the prisoner is to suffer the same punishment that he would have done, if he had stolen 44 other goods of like value with the money due on such note, and remaining unsatisfied,” and we look in vain through this indictment to ascertain that fact; consequently no judgment can be pronounced. ' It was argued, however, in opposition to this motion, that this deficiency is supplied by the averment that the note was 44 of the value of one dollar,” and that the finding of the jury is conclusive as to that fact.— The rule as laid down, would I think, be a sufficient answer to this argument, but it equally follows from an attentive analysis of the indictment. Stealing choses in action was not an indictable offence at common law, and the reason given is that their whole value was that of the price of the paper and wax, which was too insignificant to bo worthy of punishment, and they are only rendered valuable on account of the sum due or secured to be paid by them ; if therefore the sum due on them had been paid *530 and satisfied, there was an end to that value. Now, whether the averment of the value in this indictment has relation to the paper only, or whether to the sum due upon it, cannot be ascertained from the indictment, and in pronouncing judgment, the same uncertainty exists. The sum of it is, that where nothing is due, there is nothing of value to steal, and it'is therefore a subject on which a felony cannot be committed, (2 Leach, 1036. 4 Bladesi one’s Comm. 234.^1
The act of the Legislature on which this indictment is framed, and the statute of 2 Geo. 2, chap. 25, s. 3, with respect to this question, use precisely the same terms, and it will be found by reference to the indictment framed on that statute, that they all contain the averment that the sum mentioned in the note, &c. was due and unsatisfied at. the time the felony was committed. ( Vide for the Statute, 3 Chitty On Crim. Law, 928. Precedents, ibid, 968, 91,) and in the absence of any positive rule on the subject, it is safest to adhere to them. Precedents so Jong established and so universally used, are at least safe, and although we may not at once see the imperious necessity of all they contain, at another time, and on another occasion, their usefulness may be developed. With respect to the' third count, and so much of the first as relates to the pocket book, there is no doubt that they are good, and that the court would be justifiable in pronouncing sentence on the prisoner ; but there are circumstances which enter into this case, which call on the court to exercise a humane, and at the same time, sound discretion in sending it back. In the first place, there was no evidence of the value of the pocket-book, and in the next, the hank bills which were stolen at the same time, were evidently' the basis of the prosecution; and above all, this isa second conviction for grand larceny, and the court would be called on to pronounce the senténce of death on the prisoner, and the great probability is, that if the prosecution had •¿rested on the theft of the pocket-book alone, which at most could have been but of little value, the jury might have been induced to find the prisoner guilty of petjtlar *531 ceny. The motion to arrest the judgment, so far as relates to the chai’ges for stealing the bank notes, and for a new trial, so far as relates to stealing the pocket-book, i's therefore granted.
Rice, for the motion.
Retigru, Att’y Gen. contra.
• Justices Nott, Gantt and Richardson, concurred.